IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL      *
ELECTRICAL BENEFIT FUND,
                                    *

       Plaintiff,
                                    *         Civil No. TDC-24-0100

v.
                                    *

R&B QUALITY TREE CARE, INC.,
                                    *

       Defendant.
                 *      *      *      *      *      *

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") (ECF No. 13) filed by Plaintiffs Trustees of the National Electrical Benefit Fund ("NEBF") and Trustees of the National Electrical Annuity Plan ("NEAP"). Defendant R&B Quality Tree Care, Inc. has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On May 3, 2024, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on Plaintiffs' Motion. ECF No. 14. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiffs' Motion be granted.

**I.       FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs filed suit against Defendant under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1132(e), to recover delinquent pension fund contributions and related relief. ECF No. 1. Defendant was personally served with the Complaint and summons, *see* ECF No. 6, but it did not file an answer or responsive pleading. Plaintiffs moved for the Clerk's entry of default (ECF No. 8), and the Clerk entered default against

Defendant on March 19, 2024 (ECF No. 9). On April 30, 2024, Plaintiffs filed the Motion, to which Defendant has not responded.[1]

## II.    LEGAL ANALYSIS

### A.    Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations in the complaint regarding damages as true, but makes an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may

---

[1] The Court has subject matter jurisdiction over this case pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132 and 1451(c). 28 U.S.C. § 1331. Venue is proper under 29 U.S.C. § 1132(e)(2) because the NEBF and NEAP are administered in this district. *See Nat'l Elec. Benefit Fund v. Code Eng'g Servs., Inc.*, No. TDC-16-1685, 2016 WL 6926404, at *2 (D. Md. Nov. 28, 2016).

enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B.    Liability

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

In the Complaint, NEBF and NEAP allege that they are multiemployer employee pension benefit plans within the meaning of 29 U.S.C. § 1002(2). ECF No. 1 ¶¶ 4-5. Defendant is an employer that has agreed to participate in the NEBF and NEAP pursuant to a collective bargaining agreement with a labor union. *Id.* ¶ 8. On January 2, 2020, a representative of Defendant signed an agreement with Local Union 1245 of the International Brotherhood of

Electrical Workers, AFL-CIO (ECF No. 13-5), which requires signatory employers to "forward monthly to the NEBF's designated local collection agent an amount equal to 3% of the gross monthly payroll paid to, or accrued by, the Employers in this bargaining unit, and a completed payroll report, prescribed by the NEBF." ECF Nos. 13-4 ¶¶ 1-3; 13-5 at 18-19. The agreement with Local Union 1245 also requires signatory employers to "forward monthly to NEAP's designated local collection agent an amount equal to the specific contribution amounts set forth on the attached Exhibit A with a minimum contribution of twenty-five cents ($0.25) (the contribution obligation) together with a completed payroll report prescribed by the NEAP." ECF Nos. 13-4 ¶ 4; 13-5 at 19. Defendant also agreed to be bound by the NEBF's Restated Employees Benefit Agreement and Trust ("NEBF Trust Agreement") and the NEAP's Restated Employees Benefit Agreement and Trust ("NEAP Trust Agreement"). ECF Nos. 13-4 ¶¶ 3, 5; 13-6 & 13-7.

Notwithstanding its obligations under the agreement with Local Union 1245 and the NEBF and NEAP Trust Agreements, Defendant failed to make contributions for its covered employees. ECF No. 1 ¶¶ 14, 24. Plaintiffs allege that Defendant owes NEBF $12,128.81 in delinquent contributions for work performed during 2020 and 2021, and that Defendant owes NEAP $35,360.77 in delinquent contributions for work performed during the same years. *Id.* ¶¶ 15, 25. According to the affidavit submitted by Darrin E. Golden, the Executive Secretary-Treasurer of the NEBF and NEAP, these amounts were confirmed by a February 2023 audit of Defendant's books and records. ECF Nos. 13-4 ¶ 7; 13-8 & 13-9.

Accepting as true the unchallenged allegations of the Complaint, along with the evidence that Plaintiffs submitted in connection with their Motion, Plaintiffs have established Defendant's

liability for failure to pay the contributions required by the collective bargaining agreement with Local Union 1245 and the Trust Agreements with NEBF and NEAP.

### C.    Damages

Having determined that Plaintiffs have established Defendant's liability, it is now appropriate to determine the damages to which Plaintiffs are entitled. The damages Plaintiffs seek in the Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, Plaintiffs have provided sufficient evidence to support its claim for damages in the amount of $20,542.65 for NEBF and $57,685.34 for NEAP.

In support of their claim for damages, Plaintiffs rely on Mr. Golden's Affidavit. ECF No. 13-4. Under the NEBF and NEAP Trust Agreements, which Mr. Golden incorporates into the Affidavit, Plaintiffs may recover delinquent contributions, interest on delinquent contributions at a rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquent contributions, audit fees, and attorney's fees and costs incurred in collecting delinquent contributions. *Id.* at 2-3. As discussed above, these damages are allowed under ERISA. 29 U.S.C. § 1132(g).

Based on audits of Defendant's payroll records for 2020 and 2021, Plaintiffs determined that Defendant failed to pay $12,128.81 in contributions to NEBF and $35,360.77 in contributions to NEAP. ECF Nos. 13-4 at 3; 13-8 & 13-9. Defendant has refused Plaintiffs' demands for payment of these outstanding contributions. ECF No. 13-4 ¶ 8. I recommend that the Court award $12,128.81 to NEBF and $35,360.77 to NEAP for Defendant's outstanding delinquent contributions. I also recommend that the Court award $800.00 to NEBF and

$1,200.00 to NEAP to cover the costs of the audits that uncovered the unreported contributions. *See id.; see also* ECF Nos. 13-10 & 13-11.

Plaintiffs seek prejudgment interest on the delinquent contributions in the amount of $4,139.08 for NEBF and $13,003.42 for NEAP, the calculation of which is set forth at ECF Nos. 13-10 and 13-11. I recommend that Plaintiffs be awarded prejudgment interest in the amounts sought. Plaintiffs also seek liquidated damages for Defendant's delinquent contributions in the amount of $2,425.76 for NEBF and $7,072.15 for NEAP. These amounts are 20% of Defendant's respective delinquent contributions to NEBF and NEAP. I recommend that Plaintiffs be awarded liquidated damages in the amounts sought.

Plaintiffs also seek an award of attorney's fees and costs, which are available in ERISA cases. 29 U.S.C. §1132(g)(2). When a court enters judgment in favor of a plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id*. In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain

Cases") provides that admitted to the bar for less than five years may reasonably bill $150-225 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates.

Throughout this litigation, Plaintiffs have been represented by Peter Tkach ("Mr. Tkach") of the law firm Potts-Dupre, Hawkins & Kramer, Chrtd. ECF No. 13-1 ¶ 4. Mr. Tkach charged an hourly rate of $225.00, which is within the guidelines set forth in the Local Rules for attorneys admitted to the bar for less than five years, and I find it to be a reasonable hourly rate. *See id.* I further find that the time that Mr. Tkach spent working on this case, which is detailed in his Declaration, *id.* ¶¶ 6-7, is reasonable. Finally, Plaintiffs incurred a total of $748.00 in costs, which includes the $405.00 fee for filing the complaint and a $343.00 service fee. *Id.* ¶ 9. I recommend that the Court award Plaintiffs attorney's fees and costs in the amount of $1,049.00 for NEBF and $1,049.00 for NEAP (calculated as one-half of Plaintiffs' overall attorney's fees and costs for each Plaintiff).

In total, I recommend that $20,542.65 in damages be awarded to NEBF against Defendant, and that $57,685.34 in damages be awarded to NEAP against Defendant.[2] These amounts are calculated as follows:

|  | NEBF | NEAP |
|---|---|---|
| Delinquent Contributions | $12,128.81 | $35,360.77 |
| Liquidated Damages | $2,425.76 | $7,072.15 |
| Prejudgment Interest | $4,139.08 | $13,003.42 |
| Audit Fees | $800.00 | $1,200.00 |
| Attorney's fees and costs | $1,049.00 | $1,049.00 |
| Total | **$20,542.65** | **$57,685.34** |

---

[2] These are the same amounts identified in Mr. Golden's affidavit (ECF No. 13-4 at 3), but they are different than the amounts listed in Plaintiffs' Motion and proposed order, which appear to be in error. *See* ECF Nos. 13 & 13-12. The amounts listed in Mr. Golden's affidavit are correct and are supported by the evidence submitted by Plaintiffs.

I also recommend that Plaintiffs be awarded any additional fees and costs incurred in connection with the enforcement of the judgment, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

## III.   CONCLUSION

In sum, I recommend that the Court:

1.      Grant Plaintiffs' Motion for Default Judgment (ECF No. 13);

2.      Enter judgment in favor of Plaintiff Trustees of the National Electrical Benefit Fund against Defendant R&B Quality Tree Care, Inc. in the amount of $20,542.65, plus post-judgment interest to accrue at the legal rate; and

3.      Enter judgment in favor of Plaintiff National Electrical Annuity Plan against Defendant R&B Quality Tree Care, Inc. in the amount of $57,685.34, plus post-judgment interest to accrue at the legal rate.

I also direct the Clerk to mail a copy of this Report and Recommendation to R&B Quality Tree Care, Inc.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


June 20, 2024                                              /s/
Date                                                Timothy J. Sullivan
                                                    Chief United States Magistrate Judge